IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO CHRISTIAN, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-16-1168 |
| MICHAEL GREEN, ET AL., | : | (Judge Conaboy) |
| Defendants | : | |

**MEMORANDUM**
**Background**

This pro se civil rights action was initiated by Julio Christian, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). An original and supplemental complaint (Docs. 1 & 4) have both been submitted. Plaintiff has also sought leave to proceed in forma pauperis.

Named as Defendants are Michael Green, Panel Supervisor Catherine McVey, Parole Officer Supervisor Bobby Kemper, Cindy Johnson, Charles Spriggs, and James Ellis of the Pennsylvania Board of Probation and Parole (Parole Board); and SCI-Smithfield Parole Agent Diana Kalbach. Also listed as Defendants are Detective Frederick Thomas and Police Officer Louis Pacell. The gist of Plaintiff's action is that the Defendants improperly relied upon nolle prossed or intentionally falsified criminal charges from 2005 and a coerced confession as a basis to violate

1

his parole. It is unclear from the Complaints as to when Christian's parole was violated.

Christian adds that the violation of his parole was the result of racially based retaliation and discrimination. Based upon the nature of his claims, he appears to be seeking relief based upon conduct associated with his arrest and subsequent state criminal conviction in Philadelphia County, Pennsylvania.[1]

The Plaintiff's allegations are set forth in a conclusory, vague, and repetitive manner. Plaintiff seeks injunctive relief including termination of the defendants from their employment and he is also apparently requesting a directive that they be prohibited from taking action in Petitioner's case.

## Discussion

28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] On August 27, 1987, Christian entered a guilty plea to multiple drug charges in the Philadelphia County, Pennsylvania Court of Common Pleas. See Christian v. Commonwealth, Civil No. 2:07-cv-3715 (E.D. Pa. March 28, 2008).

Plaintiff has an extensive history of filing frivolous lawsuits in this district. For instance, while incarcerated, Christian previously initiated the following civil actions which were dismissed as frivolous by this Court: <u>Christian v. Muncipial Officers, et al.</u>, Civil No. 3:15-22342 (Jan. 8, 2016)(<u>sua sponte</u> dismissal under 28 U.S.C. § 1915(e)(2)(B)(i); <u>Christian v. State Officers, et al.</u>, No. 3:15-1829 (Nov. 30, 2015) (dismissal on grounds that § 1983 complaint is frivolous); <u>Christian v. Pennsylvania Board of Probation and Parole</u>, Civil No. 3:13-2432 (January 19, 2014)(<u>sua sponte</u> dismissal under 28 U.S.C. § 1915(e)(2)(B)(I). Other actions filed in this district by Christian have been withdrawn; dismissed for failure to pay the required filing fee or submit an <u>in forma pauperis</u> application; or transferred to another district court.

There are no averments set forth which could support a determination that the unconstitutional conduct alleged in Christian's latest action placed this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed on June 1, 2016. <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001); <u>McCarthy v. Warden</u>, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this action centers

on alleged events which transpired prior to the Plaintiff's incarceration.

Plaintiff has had at least three prior actions dismissed as frivolous. Second, there is no indication that Christian is alleging that he was subjected to any constitutional violation during the course of his ongoing Pennsylvania state incarceration, as such, he was not placed at risk of serious physical injury when this action was filed. Based upon those considerations, this action will be dismissed under § 1915(g).

More importantly, based upon a liberal reading of the Complaint and Supplemental Complaint, it appears that since Christian's pending allegations are attacking the legality of his Pennsylvania state parole violation proceedings, they are more properly raised in a habeas corpus action pursuant to 28 U.S.C. § 2254 which may be best initiated in the United States District Court for the Eastern District of Pennsylvania.[2] An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JULY 6th, 2016

FILED
SCRANTON
JUL 0 6 2016
PER _____
DEPUTY CLERK

---

[2] The trial court (Philadelphia County Court of Common Pleas), as well as any records, witnesses and counsel, are located within the Eastern District of Pennsylvania

4